UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD CRENSHAW,     Case No. 1:08-cv-570
    Plaintiff

                     (Dlott, J.)

    vs

CITY OF CINCINNATI,     **ORDER**
    Defendant

    Plaintiff, a resident of Cincinnati, Ohio, brings this action against the City of Cincinnati seeking a "writ of habeas corpus" to stop his "unlawful" prosecution in the Hamilton County Municipal Court.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490

U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff alleges that on April 19, 2008, while performing repairs on his disabled automobile, he was approached by Officer Ron Badge #528. Officer Ron conducted a field sobriety test, which plaintiff passed. Plaintiff was then taken to the police station. Although the desk sergeant instructed Officer Ron to release plaintiff, Officer Ron refused and demanded plaintiff undergo a urine screen. Thereafter, plaintiff was issued tickets for operating a vehicle while intoxicated and for having a stopped vehicle on a roadway. Plaintiff was released and given a court date. Plaintiff alleges he is scheduled to appear in state court on August 28, 2008 for a pretrial conference. He alleges the circumstances surround the traffic charges are "questionable" and seeks an order from this federal court instructing "the City of Cincinnati

Hamilton County (Municipal Court) to stop this unlawful prosecution against relator for the bogus O.V.I. charge."

Plaintiff's case must be dismissed as malicious because plaintiff brought the identical cause of action in a previous lawsuit. *See Crenshaw v. City of Cincinnati Police Department*, Case No. 1:08-cv-315 (S.D. Ohio May 20, 2008) (Dlott, J.) (dismissing Section 1983 complaint for failure to state a claim for relief and under *Younger* abstention doctrine; dismissing petition for a "writ of habeas and injunctive relief" for failure to exhaust state court remedies).  An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive of the judicial process and dismissed as "malicious" under the authority of 28 U.S.C. § 1915(e)(1)(2)(B)(i). *See McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  *See also Peoples v. Reno*, 230 F.3d 1359 (6th Cir. 2000)(unpublished), 2000 W.L. 1477502, \*\*1; *Butts v. Wilkinson*, 145 F.3d 1330 (6th Cir. 1998) (unpublished), 1998 WL 152778, \*1.  The Court may look to its own records to determine whether a complaint repeats prior claims. *See Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Spencer v. Rhodes*, 656 F. Supp. 458, 460 (E.D.N.C.), *aff'd*, 826 F.2d 1061 (4th Cir. 1987).  Because plaintiff seeks to raise identical claims in this action as previously disposed of in *Crenshaw v. City of Cincinnati Police Department*, Case No. 1:08-cv-315 (S.D. Ohio May 20, 2008), plaintiff's case must be dismissed with prejudice as "malicious" within the meaning of  28 U.S.C. § 1915(e)(1)(2)(B)(i).

In any event, plaintiff is not entitled to habeas corpus relief in this matter.  Plaintiff styles his pleading as a "writ of habeas corpus."  However, plaintiff has not yet been convicted of any

3

offense and has not been detained pending his trial. Although 28 U.S.C. § 2241 establishes jurisdiction to consider pretrial petitions by persons in custody regardless of whether a final judgment has been rendered, *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir.), *cert. denied*, 452 U.S. 964 (1981), plaintiff has not alleged any facts showing he is "in custody." Habeas corpus relief is available only to those in state or federal custody. *See* 28 U.S.C. § 2241(c). Nor has plaintiff shown exhaustion of his available state court remedies before bringing an action under the habeas corpus statute. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 490 (1973); *Atkins,* 644 F.2d at 546. Finally, the Court is precluded from adjudicating plaintiff's claims under the abstention doctrine formulated in *Younger v. Harris,* 401 U.S. 37 (1971), as previously explained in *Crenshaw v. City of Cincinnati Police Department*, Case No. 1:08-cv-315 (S.D. Ohio May 20, 2008) (Doc. 5 at 5-6).

Accordingly, the petition for "writ of habeas corpus" is **DISMISSED** as malicious, for failure to exhaust state court remedies, and as barred by *Younger v. Harris*.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

S/Susan J. Dlott
Susan J. Dlott, Judge
United States District Court